**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>KATHLEEN ALLISON, Secretary,<br><br>    Respondent. | Case No.: 1:23-cv-00243-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on February 17, 2023, in this Court. He raises challenges to the calculation of his sentence and to credit forfeitures sustained in nine disciplinary proceedings. On April 24, 2023, Respondent filed a motion to dismiss the petition. (Doc. 11.) Petitioner filed an opposition on May 10, 2023. (Doc. 12.) Respondent filed a reply to the opposition on May 17, 2023. (Doc. 13.) Having reviewed the pleadings, the Court agrees with Respondent that the petition fails to present any cognizable grounds for relief, fails to invoke subject matter jurisdiction, and violates the statute of limitations. Therefore, the Court will recommend that Respondent's motion to dismiss the petition be GRANTED.

/////

/////

1

## I. PROCEDURAL HISTORY

On June 20, 1997, Petitioner was found guilty by jury trial in the Los Angeles County Superior Court of first-degree burglary. (Doc. 11 at 29.) He was sentenced to an indeterminate term of 25 years to life. He was also sentenced to a determinate term of six years for prior convictions pursuant to Cal. Penal Code §§ 667(A)(1) and 667.5(B). He began serving his determinate prison term on July 25, 1997, and completed it on July 23, 2002. (Doc. 1 at 40, 45-46.) He then began serving his indeterminate term which he is currently still serving.

On October 17, 2022, Petitioner filed a habeas petition in the Madera County Superior Court. (Doc. 11 at 12.) On November 2, 2022, the petition was denied. (Doc. 1 at 23.) On November 21, 2022, Petitioner filed a habeas petition in the California Court of Appeals, Fifth Appellate District. (Doc. 1 at 25.) On December 8, 2022, the petition was denied. (Doc. 1 at 25.) Petitioner then filed a habeas petition in the California Supreme Court, and on February 1, 2023, the petition was denied. (Doc. 1 at 27.)

On February 17, 2023, Petitioner filed the instant habeas petition in this Court raising three grounds for relief. In Grounds One and Two, he contends that the credit earning status for his expired determinate term was incorrect. In Ground Three, he contends that the credit forfeitures he received for nine of his 2006-07 disciplinary proceedings was incorrect. On April 24, 2023, Respondent filed a motion to dismiss the petition. Respondent contends that Petitioner fails to present a cognizable federal claim, fails to invoke federal habeas jurisdiction, and is untimely. On May 10, 2023, Petitioner filed an opposition to the motion. Petitioner contends that he raises cognizable federal claims and his petition is timely. On May 17, 2023, Respondent filed a reply to the opposition.

## II. DISCUSSION

### A. Motion to Dismiss

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

In Grounds One and Two, Petitioner contends that state prison authorities credited his determinate term incorrectly. He contends he should have earned credit at fifty percent, rather than at twenty percent. He contends that Cal. Penal Code § 1170.12(a)(5), which provides for credit earning at twenty percent, does not apply to his determinate term. He contends Cal. Penal Code § 2933 applies to his term, and he should be awarded fifty percent accordingly. As discussed below, these claims are not cognizable.

Petitioner challenges the state court's application of state sentencing laws. Such claims do not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). In his opposition, Petitioner contends his claims assert a misapplication of state law in violation of the Constitution. However, as Respondent correctly points out in its reply, a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Here, Petitioner is clearly challenging the state court's interpretation of state law. This Court must "accept a state court's interpretation of state law, [citation], and alleged errors in the application of state law are not cognizable in federal habeas corpus. Id. (citing Melugin v. Hames, 38 F.3d 1478, 1482 (9th Cir.1994) and Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986).) For these reasons, Grounds One and Two should be rejected.

Ground Three concerns nine disciplinary proceedings which took place in 2006 to 2007. Petitioner does not challenge the guilty findings in each; he instead contends that the credit forfeitures he received, which ranged from 61 to 120 days, were incorrect. He contends he should not have lost more than 30 days for each proceeding. Petitioner again fails to state a cognizable federal claim. As noted by Respondent, Cal. Code Regs. Tit. 15, § 3323 provides that, "[u]pon a finding of guilt of a serious rule violation, a credit forfeiture against . . . an inmate sentenced to an indeterminate sentence . . . shall be assessed within the ranges specified in [Cal. Code Regs. tit. 15, § 3323] (b) through (h)." The claim challenges the application of state sentencing law, which does not give rise to a cognizable federal question. Lewis, 497 U.S. 764; Sturm, 395 F.2d at 448. This claim should also be rejected.

C.      Subject Matter Jurisdiction

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In Nettles v. Grounds, the Ninth Circuit

4

adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if all,' under § 1983." 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In this case, success on Petitioner's claims will not necessarily lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus. If Petitioner prevails on any of his claims, it does not follow that he will be released from prison on a date sooner than otherwise would occur because he is serving an indeterminate life term. He still must be found suitable for parole by the parole board and Governor. Under Nettles, Petitioner's only potential recourse in federal court is to file a civil rights action under 42 U.S.C. § 1983, because his claims fall outside the core of habeas corpus. 830 F.3d at 927-28.

D.    Untimeliness

Petitioner's claims are also untimely. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Pursuant to § 2244(d)(1)(D), the one-year limitations period runs from the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In Grounds One and Two, Petitioner challenges his credit-earning status as to his determinate term. As previously noted, Petitioner completed his determinate term in 2002. Petitioner could or should have known his credit-earning status at the time he was serving his determinate term. Petitioner states he did not discover the error until 2022. Regardless of the accuracy of the assertion, Petitioner should have discovered his status while serving the term. He makes no argument demonstrating due diligence in discovering his claims. Thus, at the latest, the statute of limitations began at the expiration of the determinate term on July 24, 2002, and expired one year later on July 24, 2003. Petitioner did not raise a challenge to his credit-earning status until October 17, 2022, when he filed a habeas petition in the superior court. The claims are untimely by over 19 years.

With respect to Ground Three, Petitioner is challenging the penalties he received from disciplinary proceedings in 2006 to 2007.  Again, Petitioner could and should have discovered the predicate for this claim at the time the penalties were ascribed.  The statute of limitations for this claim expired over 15 years ago in 2008.  Thus, all three claims violate the statute of limitations.

### III.     RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to objections must be filed within ten (10) court days of the date of any objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 31, 2023**                         /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE